## Friends Cove Mutual Insurance Co. v. Champion Home Builders

*Daniel W. Rullo*, for plaintiff Friends Cove Mutual Insurance Co.
*James A. Kudasik*, for plaintiff Daley.
*Stephen L. Dugas*, for defendant.

SHAULIS, *J.*, May 19, 1983 — We now have before us defendant Champion Home Builders Company's preliminary objections.

## FACTS

On or about June 10, 1976, plaintiff Donald E. Daley entered into an agreement with defendant Nelson's Homes of Claysburg, Inc., for the purchase of a modular home. The home was manufactured by defendant Champion Home Builders Company on July 30, 1976, and transported to Daley's property in Somerset County shortly thereafter. Representatives of Nelson's Homes of Claysburg Inc., allegedly erected the home. At about this same time, Daley purchased a homeowner's insurance policy from plaintiff Friends Cove Mutual Insurance Company.

On April 14, 1981, Daley's modular home, along with all his personal property and household contents, were totally destroyed by fire. The fire was allegedly caused by an electrical short circuit due to an electrical wire unprotected by steel inserts or sleeves being penetrated by a steel staple. Pursuant to the homeowner's insurance policy, Friends Cove

Mutual Insurance Company paid Daley $52,587 arising from the loss for damage as a result of the fire.

By subrogation receipt, Daley authorized Friends Cove Mutual Insurance Company to pursue all of the rights, claims and interest which Daley may have against any other party liable for the $52,587 loss. Friends Cove Mutual Insurance Company subsequently filed suit to recover the amount it had paid to Daley. Daley also instituted an action to recoup his actual loss for personal property and household contents in excess of the insurance personal property coverage. In response thereto, Champion Home Builders Company filed preliminary objections seeking dismissal of a portion of the plaintiffs' complaints (assumpsit) that are allegedly barred by the four year statute of limitations contained in 13 Pa.C.S. §2725.

## DISCUSSION

Initially we note that although 13 Pa.C.S. §2725 is a procedural statute of limitations that should be pleaded in new matter, Spickler v. Lombardo, 32 Somerset L. J. 16 (1976), all parties involved have expressed their desire to have us decide at this time whether the four year statute of limitations bars plaintiffs from pursuing their assumpsit claims against Champion Home Builders Company.

Our first objective is to determine the correct limitations period applicable to these facts. If Champion Home Builders Company's assertion is correct, we would have to find that the sale of the modular home is a sale of goods in which case the Uniform Commercial Code would govern. See: 13 Pa.C.S. §2101 et seq.

The court in Fromm v. Frankhouser, 7 D.&C.3d 560 (1977), was faced with an analogous situation.

The court therein determined that a mobile home from which the wheels had been removed and which had been set up on cinder blocks where it had remained for almost seventeen years and which had attachments for water, sewer, electricity and telephone, constituted real estate. Therefore, the twelve year statute of limitations for an action for deficiency in the design or construction of an improvement to real property applied.

We believe that the instant case presents an even stronger argument for application of the twelve year period. This modular home, unlike a mobile home, was never on wheels. It was purportedly transported to Daley's property in two tractor-trailer cars. We view this as a pre-fabricated house. Consequently, in concurring with the Fromm court's decision, we find that the 12 year limitations period is applicable.*

Our final inquiry is whether the Uniform Commercial Code warranties still apply even though the sale of the modular home fell outside of the Code.

---

* 42 Pa.C.S. §5536(a)

§5536. Construction projects

(a) General rule.—except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

(1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

(2) Injury to property, real or personal, arising out of any such deficiency.

(3) Injury to the person or for wrongful death arising out of any such deficiency.

(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

In Gurzenda v. Berlin Lumber Co., 28 Somerset L. J. 183, 189 (1972), Judge Coffroth stated that, "[I]f the warranties of the code attach, the four year statute should apply to the breach. If the four year statute is held not applicable, then the code is not applicable, so that the implied code warranties of merchantability and fitness do not arise." The opinion went on to say that although the implied code warranties did not apply, the construction contract did carry with it a duty to perform in a workmanlike manner so that the construction or installation would be fit for the purpose intended. In other words, defendant may have breached the non-code implied covenant or warranty against faulty performance.

A more recent case that dealt with this question was Jones & Laughlin Steel v. Johns-Manville Sales, 453 F. Supp. 527 (W.D., Pa. 1978). The court recognized that construction contracts are not governed by the Uniform Commercial Code. Moreover, the court indicated that the implied warranty of fitness for intended purpose was not an invention of the code, but rather, an outgrowth of common sense and common law recognition. Therefore, the court held that such a warranty could be implied under certain circumstances regardless of whether or not the code applied.

While we agree that the code warranties do not apply to the case at bar, certain implied warranties may still exist. Thus, Champion Home Builders Company's preliminary objections must be dismissed.

### ORDER

Now, this May 19, 1983, defendant Champion Home Builders Company's preliminary objections are dismissed. Defendant is allowed 20 days to answer the complaint.